## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| PANDORA JEWELRY, LLC<br>a Maryland limited liability company,<br>250 Pratt Street<br>Baltimore, MD 21201<br><br>   Plaintiff,<br><br>  v.<br><br>JOHN DOES 1-10<br><br>   Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR BREACH OF CONTRACT** |

Plaintiff PANDORA Jewelry, LLC, a Maryland limited liability company ("Plaintiff" or "PANDORA"), brings this action against unknown John Doe Defendants ("Defendants") for breach of contract. Defendants are PANDORA dealers who have supplied and continue to supply PANDORA products to unauthorized resellers in violation of their contracts with PANDORA. In support of its claims, PANDORA alleges as follows.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff PANDORA is a Maryland limited liability company. The sole member of PANDORA is Pandora Jewelry, Inc., a corporation that is a citizen of Maryland because it is incorporated in Maryland and has its principal place of business in Maryland. PANDORA is therefore a citizen of Maryland.

2. Defendants are part of a product diversion ring that operates in Florida, New York, and California.

3. Because Defendants are part of a product diversion ring operating in Florida, New York and California, Defendants are likely citizens of Florida, New York, and/or California.

4. PANDORA alleges breach of contract claims against Defendants for breaching contracts that Defendants had with PANDORA.

5. This Court has subject matter jurisdiction over PANDORA's breach of contract claim pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), because Plaintiff PANDORA is a citizen of Maryland; Defendants are citizens of Florida, New York, and/or California; and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendants because they breached a contract with Maryland citizen PANDORA governed by Maryland law.

7. Venue is properly found in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to PANDORA's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

### PANDORA and Its Brand Protection Efforts

8. PANDORA is one of the most recognized jewelry brands in the world. Founded by a Danish goldsmith in 1982, PANDORA offers affordable, hand-finished jewelry made to the highest environmental and ethical standards.

9. As a seller of jewelry, PANDORA's brand image is extremely important to its business, and PANDORA engages in extensive brand protection efforts.

10. As an important part of its brand protection efforts, PANDORA sells its products exclusively through its website, http://estore-us.pandora.net, through PANDORA owned and operated stores, and through franchisees and retailers ("PANDORA Dealers"), who all sign agreements with PANDORA ("PANDORA Contracts"). PANDORA does not sell products to resellers who have not agreed to the PANDORA Contracts.

11. Among other things, the PANDORA Contracts require PANDORA Dealers to adhere to PANDORA's standards of quality control, branding, and customer service.

12. The PANDORA Contracts also regulate where and to whom PANDORA Dealers may resell PANDORA products.

13. In particular, the PANDORA Contracts prohibit PANDORA Dealers from selling PANDORA products to persons or entities who are not PANDORA Dealers but intend to resell the PANDORA products ("Unauthorized Resellers"), a practice known as "product diversion."

14. By ensuring that all PANDORA Dealers have contractually agreed not to resell PANDORA products to Unauthorized Resellers, PANDORA has created a system of exclusive distribution.  These contracts are a vital part of PANDORA's brand protection efforts because they allow PANDORA to ensure, contractually, that all PANDORA Dealers follow certain branding, quality control, and customer service requirements.

15. Unauthorized Resellers are not contractually required to follow the same branding, customer service, and quality control standards, and could ship poor-quality products to consumers and cause consumers to associate the PANDORA brand with less-exclusive, lower-quality retailers.

16. Therefore, the restrictions on resale in the PANDORA Contracts are an important and material term of those agreements, and part of the bargained-for consideration that PANDORA receives from PANDORA Dealers in exchange for selling them PANDORA products and giving them the right to resell those products in the approved manner.

**Defendants Resell PANDORA Products to Unauthorized Resellers in Breach of Contract**

17. Defendants are PANDORA Dealers who have signed the PANDORA Contracts with PANDORA.  Under the PANDORA Contracts that they signed, Defendants are prohibited from selling PANDORA products to Unauthorized Resellers for purposes of resale.

18. Defendants' agreement not to sell PANDORA products to Unauthorized Resellers is a material, bargained-for consideration that Defendants agreed to provide PANDORA in exchange for PANDORA's sale of PANDORA products to Defendants.

19. Despite agreeing not to sell PANDORA products to Unauthorized Resellers, Defendants have resold and continue to resell PANDORA products to various Unauthorized Resellers.

20. These Unauthorized Resellers then resell the PANDORA products on third-storefronts on eBay or Amazon, or other websites that are inconsistent with PANDORA's standards for branding, quality control, and customer service.

21. For example, Defendants have sold PANDORA products to a significant number of high-volume eBay sellers that are reselling hundreds of individual PANDORA products based on public eBay sales data.

22. Another one of Defendants' customers is the discount online retailer Woot LLC ("Woot"). Woot sells products on its website, https://www.woot.com/, and as a third-party seller on Amazon.com.

23. Defendants' customers – the Unauthorized Resellers – are not end consumers, but instead buy PANDORA products for purposes of resale. Accordingly, the PANDORA Contracts that Defendants agreed to prohibit them from reselling PANDORA products to these Unauthorized Resellers.

24. For example, Woot resells a large quantity of PANDORA products to the public. PANDORA's investigation estimates that Woot sells more than $500,000 of PANDORA products per month.

25.     The fact that these Unauthorized Resellers are selling this many PANDORA products shows that the Unauthorized Resellers are acquiring large quantities of PANDORA products from one or more PANDORA Dealers that trade in a significant amount of PANDORA products.  The PANDORA Dealers who are supplying these Unauthorized Resellers are breaching the PANDORA Contracts that they signed.

### PANDORA Requires Discovery to Conclusively Determine Defendants' Identities

26.     After identifying a large volume of unauthorized PANDORA products being sold on the aforementioned unauthorized websites, PANDORA began an investigation to identify the Defendants supplying these Unauthorized Resellers.

27.     However, product diverters like Defendants go to great lengths to hide their identities to avoid being detected by brands and consumers.

28.     Despite Defendants' efforts to hide their identity, PANDORA has undertaken significant efforts to connect Unauthorized Resellers to specific PANDORA Dealers, which efforts have included searching open source and subscription services, performing test purchases, and issuing subpoenas to Amazon.

29.     Through these efforts, PANDORA recently identified several significant PANDORA Dealers diverting products to some, but not all, of the Unauthorized Resellers PANDORA has identified.  Two of these diverting PANDORA Dealers are located in Florida, two are located in New York, and three in California.  None of these diverting PANDORA Dealers is located in Maryland.

30.     However, PANDORA's efforts have been unsuccessful in identifying the specific PANDORA Dealers who are supplying Woot and several eBay storefronts, among others.

31.     Upon discovering that the above PANDORA Dealers were diverting PANDORA products, PANDORA revoked their status as PANDORA Dealers.  Nevertheless, one or more of them appears to be continuing to supply PANDORA products to Unauthorized Resellers in violation of

the PANDORA Contracts, either by obtaining product from other PANDORA Dealers or by liquidating their own existing stock.

32. Despite its efforts, PANDORA remains unable to identify the specific PANDORA Dealers who are supplying the Unauthorized Resellers as the terminated dealers refuse to disclose who they have supplied, and thus PANDORA has no alternative means aside from discovery in this lawsuit to learn the identity of the specific PANDORA Dealers who are supplying the Unauthorized Resellers in breach of their contracts with PANDORA.

33. Upon information and belief, discovery in this matter will allow PANDORA to identify each Defendant's true name and address, and PANDORA will amend this Complaint accordingly when those true names and addresses are discovered.

## CAUSE OF ACTION

### Breach of Contract

34. PANDORA hereby incorporates the allegations contained in the foregoing Paragraphs 1-33 as if fully set forth herein.

35. PANDORA and Defendants are parties to the PANDORA Contracts, which prohibit Defendants from selling PANDORA products to Unauthorized Resellers.

36. Despite agreeing to that contractual prohibition, Defendants have sold, and continue to sell, PANDORA products to Unauthorized Resellers.

37. Defendants' sale of PANDORA products to Unauthorized Resellers breaches the PANDORA Contracts.

38. PANDORA is entitled to discovery as to the specific identities of the Defendants who have sold and continue to sell PANDORA products to Unauthorized Resellers, and will amend this Complaint accordingly once those Defendants' identities have been discovered.

39. PANDORA is entitled to damages and injunctive relief against Defendants because Defendants' actions have harmed and continue to harm the integrity of PANDORA's authorized retailer network and PANDORA's brand.

## PRAYER FOR RELIEF

WHEREFORE, PANDORA prays for relief and judgment as follows:

A. Discovery into the specific identities of the John Doe Defendants, including *subpoenas* issued to relevant third parties.

B. Judgment in favor of PANDORA and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, liquidated damages, restitution, disgorgement of profits, and pre-judgment and post-judgment interest, as permitted by law;

C. Preliminary and permanent injunctions enjoining Defendants, as well as their agents, servants, employees, and attorneys, and other persons in active concert or participation with them, from selling or otherwise supplying PANDORA products to Unauthorized Resellers;

D. An award of attorneys' fees, costs, and expenses; and

E. Such other and further relief as the Court deems just, equitable and proper.

Date: January 20, 2021

*/s/ Michael E. Blumenfeld*
Michael E. Blumenfeld (Fed. Bar No. 25062)
Mary C. Bisco-Hall (Fed. Bar No. 20669)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street | Suite 1600
Baltimore, Maryland 21201
Phone: (443) 392-9412
Fax: (443) 392-9499
Email: michael.blumenfeld@nelsonmullins.com
Email: mary.biscoehall@nelsonmullins.com

*Attorneys for Plaintiff PANDORA Jewelry, LLC*

Of Counsel:
William D. Kloss Jr. (Ohio Bar 0040854)
Martha Brewer Motley (Ohio Bar 0083788)
(*pro hac vice* applications forthcoming)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-6350
Email: wdklossjr@vorys.com
Email: mbmotley@vorys.com

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PANDORA demands a trial by jury on all issues so triable.

| | |
|---|---|
| Date: January 20, 2021 | */s/ Michael E. Blumenfeld* <br> Michael E. Blumenfeld (Fed. Bar No. 25062) <br> Mary C. Bisco-Hall (Fed. Bar No. 20669) <br> Nelson Mullins Riley & Scarborough, LLP <br> 100 S. Charles Street \| Suite 1600 <br> Baltimore, Maryland 21201 <br> Phone: (443) 392-9412 <br> Fax: (443) 392-9499 <br> Email: michael.blumenfeld@nelsonmullins.com <br> Email: mary.biscoehall@nelsonmullins.com <br><br> *Attorneys for Plaintiff PANDORA Jewelry, LLC* |

Of Counsel:
William D. Kloss Jr. (Ohio Bar 0040854)
Martha Brewer Motley (Ohio Bar 0083788)
(*pro hac vice* applications forthcoming)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-6350
Email: wdklossjr@vorys.com
Email: mbmotley@vorys.com