# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| PANDORA JEWELRY, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-10<br><br>Defendants. | Case No. 1:21-cv-00172-SAG |

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff PANDORA Jewelry, LLC. ("PANDORA" or "Plaintiff") moves for entry of an order granting it leave to serve a third-party subpoena on non-party Woot LLC prior to a Rule 26(f) conference (the "Motion"), and submits the following memorandum in support.

Respectfully submitted,

Date: January 20, 2021

*/s/ Michael E. Blumenfeld*
Michael E. Blumenfeld (Fed. Bar No. 25062)
Mary C. Bisco-Hall (Fed. Bar No. 20669)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street | Suite 1600
Baltimore, Maryland 21201
Phone: (443) 392-9412
Fax: (443) 392-9499
Email: michael.blumenfeld@nelsonmullins.com
Email: mary.biscoehall@nelsonmullins.com

*Attorneys for Plaintiff PANDORA Jewelry, LLC*

Of Counsel:
William D. Kloss Jr. (Ohio Bar 0040854)
Martha Brewer Motley (Ohio Bar 0083788)
(*pro hac vice* applications forthcoming)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-6350
Email: wdklossjr@vorys.com
Email: mbmotley@vorys.com

**I.     INTRODUCTION**

Plaintiff seeks leave to serve a limited, immediate subpoena on non-party Woot LLC ("Woot") so that Plaintiff may learn Defendants' true identities.[1] Plaintiff is suing the John Doe Defendant(s) for breaching contracts that Defendants had with PANDORA. (Doc. No. 1.) Defendants are franchisees and retailers ("PANDORA Dealers"), who all signed agreements with PANDORA ("PANDORA Contracts"). (*Id.* at ¶ 10.) As part of the PANDORA Contracts, Defendants are prohibited from selling PANDORA products to persons or entities that are not end-users but instead intend to resell the PANDORA products ("Unauthorized Resellers"), a practice known as "product diversion." (*Id.* at ¶ 13.) Defendants have explicitly agreed not to resell PANDORA products to Unauthorized Resellers, but have done so in breach of their Contracts. (*Id.* at ¶¶ 14-19.) Specifically, Defendants have sold a significant quantity to Woot, which in turn sells PANDORA products on www.woot.com and as a third-party seller on Amazon.com.[2] (*Id.* at ¶¶ 22, 24.)

Because Defendants sell PANDORA products directly to Unauthorized Resellers like Woot, Plaintiff does not know *which* PANDORA Dealers are supplying the Unauthorized Resellers and breaching the PANDORA Contracts. (Doc. No. 1 at ¶¶ 25-27, 32.) Further, Defendants go to great lengths to hide identities. (*Id.* at ¶ 27.) While Plaintiff has been able to identify some of the PANDORA Dealers diverting products and has revoked their status as PANDORA Dealers, one or more appear to be continuing to supply products to Unauthorized Resellers, either by obtaining product from other PANDORA Dealers or by liquidating their own existing stock. (*Id.* at ¶ 31.) Moreover, the identified PANDORA Dealers have refused to disclose to whom they have

---

[1] The proposed subpoena is attached as Exhibit 1.
[2] Woot's Amazon storefront is available here: https://www.amazon.com/s?me=A1KWJVS57NX03I&marketplaceID=ATVPDKIKX0DER. Per Woot.com, Woot.com is operated by Woot Services LLC. Products on Woot.com are sold by Woot LLC.

supplied products. (*Id.*at ¶ 32.) Accordingly, Woot necessarily maintains certain identifying information related to its suppliers, and it is the only remaining source of this information to allow PANDORA to identify each Defendant's true name and address.

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Woot, which will seek the contact information and user information of the Defendant(s) supplying Woot with PANDORA products in breach of the Defendants' Contracts.[3]  The subpoena is narrowly tailored to address only PANDORA products, as opposed to any other brands Woot may source and sell, and is limited in time to December 2019 to present.  Plaintiff will only use this information to prosecute the claims made in its Complaint.  Without this information, Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its brand and enforce its contractual agreements.

## II.    ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, a party requires a court order to propound discovery in advance of a Rule 26(f) conference.  Such an order "should be" issued "[w]hen a plaintiff seeks to learn the identities of unknown defendants through pre-service subpoenas under Rule 45 of the Federal Rules of Civil Procedure…unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Nu Image, Inc. v. Does 1-4*, Civil Action No. DKC-11-cv-02736, 2011 U.S. Dist. LEXIS 169524, at *3 (D. Md. Nov. 30, 2011)(internal quotations and citations omitted).

Although John Doe actions are not favored, the Fourth Circuit has explained that they are appropriate "when the identity of the alleged defendant is not known at the time the complaint is

---

[3] The information sought through discovery includes "actual first and last names of the operators or managers of the Supplier, along with any corresponding Amazon seller names or MerchantIDs, if any; corporate entity names and contact persons within the entities if associated with corporations; email addresses; physical addresses; telephone, mobile, or fax numbers and any other identifying information associated with the Supplier" as well as any prior information related to the same. *See* Ex 1.

filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Paulinus Chidi Njoku v. Unknown Special Unit Staff*, No. 99-7644, 2000 U.S. App. LEXIS 15695, at *2 (4th Cir. July 7, 2000). Thus, if a defendant's true identity can be "discovered through discovery or intervention of the court," such a suit should be permitted. *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982) (vacating district court's dismissal of a John Doe complaint when it was based on the premise that the Fourth Circuit does not recognize such suits.)

In some circumstances, "the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In such circumstances, "the plaintiff should be given an opportunity, through discovery, to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Cadmus v. Frederick Cty, Sheriff's Office,* No. 5:15-cv-00053, 2016 U.S. Dist. LEXIS 127988, at *21 (W.D. Va. Sep. 20, 2016) (quoting *Gillespie*, 629 F. 2d at 642); *see also Liberty Media Holdings v. Colo. Members of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 U.S. Dist. LEXIS 53307, at *1-2 (D. Colo. May 12, 2011), citing *Civiletti*, 629 F.2d at 642 ; *see also Tracfone Wireless, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (recognizing that plaintiffs should be given an opportunity to discover a defendant's true identity in denying a motion to strike improper allegations); *McGip v. Doe*, No. 11 C 2887, 2011 U.S. Dist. LEXIS 50069, at *2 (N.D. Ill. May 10, 2011) (authorizing pre-Rule 26(f) discovery to permit plaintiff to issue subpoenas to ascertain the true identities of defendants engaged in anonymous online activity). *See also, Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery.

Indeed, the Federal Circuit Courts of Appeal have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants. For example, the First Circuit held in *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) that "[a] plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." *See also David v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("Courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn the identities."). *Accord Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009); *Chidi Njoku v. Unknown Special Unit Staff*; 217 F.3d 840 (4th Cir. 2000); *Green v. Doe*, 260 Fed.Appx. 717, 719 (5th Cir. 2007); *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 572 (6th Cir. 2010); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Young v. Transportation Deputy Sheriff*, 340 Fed Appx. 368 (9th Cir. 2009); *Krueger v. Doe*, 162 F.3d 1173, (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Courts have held that there is good cause to issue pre-Rule 26(f) discovery in factually similar cases, involving anonymous internet accounts. *See Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003), citing *Energetics Systems Corp. v. Advanced Cerametrics, Inc.*, No. 95-7956, 1996 U.S. Dist. LEXIS 2830, *2 (E.D. Pa. Mar. 5, 1996).

In this case, Plaintiff has demonstrated good cause by properly pleading a cause of action for breach of contract. (Doc. No. 1 at ¶¶ 17-25; 34-39) (establishing that Plaintiff has agreements with Defendants, in which they agree not to sell Pandora products to Unauthorized Resellers, yet Defendants have sold and continue to sell Pandora products to Unauthorized Resellers, and that those sales have caused damage to Plaintiff).) Obviously, without learning the Defendants' true identities, Plaintiff will not be able to serve the Defendants with process and proceed with this

case. Plaintiff's important contractual rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights.

Moreover, there is no other way to obtain the identities of Defendants selling to Woot other than by obtaining the information from Woot, because Plaintiff has already exhausted all other methods. Specifically, Plaintiff has already performed test purchases of products, engaged in various subscription and open source services to attempt to identify Defendants, and issued subpoenas to Amazon to attempt to identify Defendants. (Doc. No. 1 at ¶ 28; Motley Decl. at ¶¶ 3-4.)[4] Through these efforts, PANDORA recently identified several significant PANDORA Dealers diverting products to some, but not all, of the Unauthorized Resellers PANDORA has identified. (Doc. No. 1 at ¶ 29; Motley Decl. at ¶ 5.) Plaintiff is left without any other options to identify Defendants. (Motley Decl. at ¶ 6.)

Finally, Defendants do not have a legitimate interest in remaining anonymous and Plaintiff has a right to enforce its contracts. Defendants are parties to contracts with PANDORA, which explicitly prohibit them from selling PANDORA products to Unauthorized Resellers. Defendants have no legitimate expectation of privacy to information they voluntarily disclosed to a contracting party—much less to information about their distribution of the Pandora products in question without permission and in breach of their contracts. *See, e.g., Interscope Records v. Does 114*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Nelson v. Allstate Ins.*

---

[4] The Declaration of Martha Brewer Motley ("Motley Decl.") is attached as Exhibit 2. Ms. Motley is one of Pandora's outside counsel responsible for the team investigating the true identity of the Pandora Dealers.

*Co.*, Case No. 92-2309-JWL, 1993 U.S. Dist. LEXIS 4628, at *13 (D. Kan. Mar. 8, 1993) (finding that plaintiff had no reasonable expectation of privacy arising out of a settlement agreement when the confidentiality provision unambiguously protected the defendant only). Since identifying the Defendants by name is necessary for Plaintiff to advance the asserted claims, and Defendants do not have a countervailing right to remain anonymous, Plaintiff has established good cause.

### III. CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue a Rule 45 subpoena to Woot Service LLC to uncover Defendants' true identities.

Respectfully submitted,

Date: January 20, 2021

*/s/ Michael E. Blumenfeld*
Michael E. Blumenfeld (Fed. Bar No. 25062)
Mary C. Bisco-Hall (Fed. Bar No. 20669)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street | Suite 1600
Baltimore, Maryland 21201
Phone: (443) 392-9412
Fax: (443) 392-9499
Email: michael.blumenfeld@nelsonmullins.com
Email: mary.biscoehall@nelsonmullins.com

*Attorneys for Plaintiff P*ANDORA *Jewelry, LLC*

Of Counsel:
William D. Kloss Jr. (Ohio Bar 0040854)
Martha Brewer Motley (Ohio Bar 0083788)
(*pro hac vice* applications forthcoming)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-6350
Email: wdklossjr@vorys.com
Email: mbmotley@vorys.com