IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| PANDORA JEWELRY, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-10<br><br>Defendants. | Case No. 1:21-cv-00172 |

**PLAINTIFF'S SECOND MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff PANDORA Jewelry, LLC. ("PANDORA" or "Plaintiff") moves for entry of an order granting it leave to serve additional third-party subpoenas on non-parties prior to a Rule 26(f) conference (the "Motion") and submits the following memorandum in support.

Date: March 19, 2021

Respectfully submitted,

*/s/ Mary C. Biscoe-Hall*
Michael E. Blumenfeld (Fed. Bar No. 25062)
Mary C. Bisco-Hall (Fed. Bar No. 20669)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street | Suite 1600
Baltimore, Maryland 21201
Phone: (443) 392-9412
Fax: (443) 392-9499
michael.blumenfeld@nelsonmullins.com
mary.biscoehall@nelsonmullins.com

*Attorneys for Plaintiff PANDORA Jewelry, LLC*

Of Counsel:
William D. Kloss Jr. (Ohio Bar 0040854)
Martha Brewer Motley (Ohio Bar 0083788)
(*pro hac vice* applications forthcoming)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-6350
wdklossjr@vorys.com
mbmotley@vorys.com

## I.   INTRODUCTION

PANDORA seeks leave to serve additional limited, immediate subpoenas on non-parties following the receipt of additional information learned through a prior subpoena this Court authorized Pandora to issue to Woot LLC ("Woot"). As PANDORA set forth in its initial Motion for Leave to Serve Third Party Subpoena ("Motion"), PANDORA is suing the John Doe Defendant(s) for breaching contracts that Defendants had with PANDORA. (ECF No. 2.) However, PANDORA does not know and cannot determine the Defendants' true identities and requires information from third-parties to make that determination. Specifically, Woot offered for sale a significant quantity of PANDORA merchandise that was likely purchased from a PANDORA Dealer (or multiple PANDORA Dealers) in violation of that Dealer's agreement with PANDORA. Accordingly, this Court granted PANDORA's Motion and permitted PANDORA to serve a third-party subpoena upon non-party, Woot. (ECF No. 4.)

PANDORA issued the subpoena to Woot on January 21, 2021 (*see* ECF No. 5), and just recently received a substantive response. However, Woot's production revealed that its only source of a considerable quantity of PANDORA products is not a direct PANDORA Dealer. (Motley Decl. at ¶ 7)[1] PANDORA therefore believes that one or more PANDORA Dealers are supplying PANDORA products to the source identified by Woot. Accordingly, Woot's Source necessarily maintains certain identifying information related to its suppliers and issuing a subpoena to Woot's Source will allow PANDORA to identify each Defendant's true name and address.

PANDORA seeks leave of Court to serve a Rule 45 subpoena on Woot's Source, which will seek the contact information and user information of the Defendant(s) supplying Woot's

---

[1] Woot has stated that its source of PANDORA products is confidential and proprietary. Accordingly, PANDORA refers to the entity as "Woot's Source" or the "Source." To the extent the Court would like to review the subpoena response, PANDORA can provide a copy to the Court for in camera review.

Source—and ultimately, Woot—with PANDORA products in breach of the Defendants' Contracts.[2] PANDORA also seeks leave of Court to serve a Rule 45 subpoena upon any additional entities identified by Woot or Woot's Source, if necessary, which will be in substantially the same format as the proposed subpoena attached as Ex. 1.  The subpoenas are narrowly tailored to address only PANDORA products, as opposed to any other brands the entities may source and sell and is limited in time to December 2019 to present.  PANDORA will only use this information to prosecute the claims made in its Complaint.  Without this information, PANDORA cannot serve the Defendants nor pursue this lawsuit to protect its brand and enforce its contractual agreements.

## II.     ARGUMENT

PANDORA reasserts and reincorporates as if fully rewritten herein the standard the Fourth Circuit has set forth to determine when pre-Rule 26(F) subpoenas are appropriate, as articulated in its initial Motion (*see* ECF No. 2).

In this case, PANDORA has demonstrated the requisite good cause by properly pleading a cause of action for breach of contract.  (ECF No. 1 at ¶¶ 17-25; 34-39) (establishing that PANDORA has agreements with Defendants, in which they agree not to sell PANDORA products to Unauthorized Resellers, yet Defendants have sold and continue to sell PANDORA products to Unauthorized Resellers, and that those sales have caused damage to PANDORA).)   Without learning the Defendants' true identities, PANDORA will not be able to serve the Defendants with process and proceed with this case.  PANDORA's important contractual rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving PANDORA's rights.

---

[2] The proposed subpoena is attached as Ex. 1 though the name of the party to be subpoenaed has been omitted.  The information sought through discovery includes "actual first and last names of the operators or managers of the Supplier, along with any corresponding Amazon seller names or Merchant IDs, if any; corporate entity names and contact persons within the entities if associated with corporations; email addresses; physical addresses; telephone, mobile, or fax numbers and any other identifying information associated with the Supplier" as well as any prior information related to the same.  *See* Ex. 1.

Moreover, there is no other way to obtain the identities of Defendants selling to Woot's Source—and ultimately reselling to Woot—other than by obtaining the information from Woot's Source, because PANDORA has already exhausted all other methods. Specifically, PANDORA has already performed test purchases of products, engaged in various subscription and open source services to attempt to identify Defendants, and issued subpoenas to Amazon *and* Woot to attempt to identify Defendants. (Doc. No. 1 at ¶ 28; Motley Decl. at ¶¶ 3-4, 8.)[3] PANDORA is left without any other options to identify Defendants. (Motley Decl. at ¶ 6.)

Finally, and as explained in its initial Motion (ECF No. 2), Defendants do not have a legitimate interest in remaining anonymous and PANDORA has a right to enforce its contracts. Defendants are parties to contracts with PANDORA, which explicitly prohibit them from selling PANDORA products to Unauthorized Resellers. Defendants have no legitimate expectation of privacy to information they voluntarily disclosed to a contracting party—much less to information about their distribution of the PANDORA products in question without permission and in breach of their contracts. Since identifying the Defendants by name is necessary for PANDORA to advance the asserted claims, and Defendants do not have a countervailing right to remain anonymous, PANDORA has established good cause.

### III.   CONCLUSION

For the foregoing reasons, this Court should grant leave to PANDORA to issue Rule 45 subpoenas to Woot's identified source and any other relevant entities subsequently identified to uncover Defendants' true identities.

---

[3] The Declaration of Martha Brewer Motley ("Motley Decl.") is attached as Ex. 2. Ms. Motley is one of Pandora's outside counsel responsible for the team investigating the true identity of the Pandora Dealers.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: March 19, 2021 | /s/ Mary C. Biscoe-Hall |
|  | Michael E. Blumenfeld (Fed. Bar No. 25062) |
|  | Mary C. Bisco-Hall (Fed. Bar No. 20669) |
|  | Nelson Mullins Riley & Scarborough, LLP |
|  | 100 S. Charles Street | Suite 1600 |
|  | Baltimore, Maryland 21201 |
|  | Phone: (443) 392-9412 |
|  | Fax: (443) 392-9499 |
|  | michael.blumenfeld@nelsonmullins.com |
|  | mary.biscoehall@nelsonmullins.com |
|  |  |
|  | *Attorneys for Plaintiff P*ANDORA *Jewelry, LLC* |
|  |  |
|  | Of Counsel: |
|  | William D. Kloss Jr. (Ohio Bar 0040854) |
|  | Martha Brewer Motley (Ohio Bar 0083788) |
|  | (*pro hac vice* applications forthcoming) |
|  | Vorys, Sater, Seymour and Pease LLP |
|  | 52 E. Gay Street |
|  | P.O. Box 1008 |
|  | Columbus, OH 43216-1008 |
|  | Phone: (614) 464-6400 |
|  | Fax: (614) 719-6350 |
|  | wdklossjr@vorys.com |
|  | mbmotley@vorys.com |